IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL K. TOLIVER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **04-309-JPG** |
| ) | |
| **FAISA AHMED, PAM GRUBMAN,** ) | |
| **and GARY GERST,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are plaintiff's Motion for Injunction and his Motion to Strike for Cause Defendant's Response **(Docs. 42 and 48)**.

Citing Fed. R. Civ. P. 65(b), plaintiff seeks "injunctive relief from harassment, threats and intimidation" by staff at Menard Correctional Center. He has filed an accompanying affidavit in which he makes allegations as to various staff members. In essence, he claims that staff members have threatened him and have retaliated against him for filing this lawsuit. Presumably, he seeks injunctive relief as to the individuals named in the affidavit, who are not defendants herein. There is no indication that the many persons named in the affidavit have received notice of his request.

Defendant Grubman filed a response **(Doc. 43)** in which she acknowledges that the allegations in the motion for injunction are not directed to her. Nevertheless, she points out the obvious fact that plaintiff is seeking injunctive relief from persons who are not parties to this lawsuit. Plaintiff asks the Court to strike the response because the motion for injunction is not

1

directed to her.

A preliminary injunction is an "extraordinary and drastic remedy" and may be issued only where the movant has demonstrated a reasonable likelihood of success on the merits, no adequate remedy at law, likelihood of irreparable harm, and lack of harm to the public interest. ***Goodman v. Illinois Department of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).** Plaintiff has not made the required showing. He has made no showing at all of likelihood of irreparable harm. If he believes that his constitutional rights have been violated by the events alleged in his affidavit, he has a remedy at law, which he may pursue after properly exhausting the prison grievance system.

In addition, Fed. R. Civ. P. 65(b) permits the issuance of a temporary restraining order without notice only under limited circumstances, which have not been met here. Plaintiff has not demonstrated that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party" can be heard.

Upon consideration and for good cause shown, plaintiff's Motion for and Injunction and his Motion to Strike for Cause Defendant's Response **(Docs. 42 and 48)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE:  May 31, 2006.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**