IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL K. TOLIVER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **04-309-JPG** |
| | ) |
| **FAISA AHMED, PAM GRUBMAN,** | ) |
| and **GARY GERST,** | ) |
| | ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. **(Doc. 35)**. The motion is filed by defendant Pam Grubman. She has filed a memorandum in support. **(Doc. 36)**. Plaintiff has filed a response. **(Docs. 46 and 47)**.

### Nature of Plaintiff's Claims

Plaintiff Darryl Toliver is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs. As construed by the Court on preliminary review, he alleges that, while he was incarcerated at Menard Correctional Center, "in the summer of 2002, he began experiencing stomach pain and dizziness; over the next several months, his condition worsened to include chronic vomiting and chest pain. He alleges that although he was seen periodically at the health center, Defendants failed to do more than prescribe antacids, telling him to "stop faking" his condition. More than 18

1

months after his symptoms began, Plaintiff was finally diagnosed with a 'hiatal hernia.' Despite this diagnosis, Plaintiff alleges that Defendants refused to provide him with treatment for his condition, in violation of his rights under the Eighth Amendment." **See, Doc. 7, p.1.**

With leave, plaintiff has filed an amended complaint, **Doc. 27.** He alleges that Pam Grubman is the administrator of the health care unit at Menard, and that he informed her of his problems and asked for testing because the past treatment was not working, but she denied his request. **Doc. 27, ¶44 and 45.** He then sent her a "Notice of Complaint." **Doc. 27, ¶47**. He alleges that, for over a year and 9 months, he was either given the wrong medication or no medication at all. **Doc. 27, ¶52.** He alleges that the defendants, including Grubman, have misdiagnosed his medical problem, have discontinued any efforts to find the proper diagnosis, and have disregarded the diagnosis and recommendation of a specialist. **Doc. 27, ¶¶57, 58**.

## Grounds for Motion

Defendant argues that the amended complaint should be dismissed because the it fails to state a cause of action for deliberate indifference. She also asserts that she is entitled to qualified immunity, and that plaintiff is not entitled to injunctive relief requiring specific medical treatment.

## Standard for Determination under Rule 12(b)(6)

In deciding a motion to dismiss under **Fed.R.Civ. P. 12(b)(6)**, the Court must accept as true all the factual allegations made in the complaint, and must give the plaintiff the benefit of all reasonable inferences to be drawn from those facts. *Antonelli v. Sheahan*, **81 F.3d 1422, 1427 (7th Cir. 1996)**. The motion should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)." *Id.* And, of course, the Court is mindful that *pro se* pleadings must be liberally construed. ***Id.*, and cases cited therein**.

The Court must view the facts in the light most favorable to the non-moving party. The motion should not be granted unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." ***Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).**

<u>Analysis</u>

**28 U.S.C. §1915A(b)** directs the Court to screen prisoner civil rights cases and to dismiss the complaint or any portion thereof which "is frivolous, malicious, *or fails to state a claim upon which relief may be granted*." [emphasis added.] Despite the fact that the Court performed the screening mandated by statute and determined that no part of the complaint is subject to dismissal, defendant now moves the Court to dismiss the complaint for failure to state a claim upon which relief may be granted.

The Eighth Amendment prohibits "deliberate indifference to serious medical needs." ***Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).** A medical condition is serious if failing to treat it could lead to further significant injury or unnecessary and wanton infliction of pain. ***Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)**.

It is well settled that negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**. **See,** *Estelle*, **97 S. Ct. at 292;** *Wood v. Woracheck*, **618 F.2d 1225 (7th Cir. 1980)**. Likewise, the provision of a course of treatment other than that preferred by the inmate will not create liability. ***Estelle*, 97 S. Ct. at 293;** *Burns v. Head Jailor*, **576 F. Supp. 618 (N.D.**

**Ill. 1984).** An inmate has no right to a particular course of treatment of his choosing. ***Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987).**

Defendant first argues that, as a prison administrator, she is "insulated from liability when she relies on the opinions of the medical staff regarding an inmate's medical treatment." **Doc. 36, p. 4**. That argument requires the Court to accept defendant's assertion that she did, in fact, rely on the opinions of health care providers. That is an issue of fact that cannot be resolved on this motion. At this stage of the proceedings, the Court must accept plaintiff's allegations as true. Plaintiff has alleged that Grubman, having been informed of his complaints, has misdiagnosed his medical problem, discontinued any efforts to find the proper diagnosis, and has disregarded the diagnosis and recommendation of a specialist. **Doc. 27, ¶¶57, 58**.

Similarly, defendant's assertion of qualified immunity also depends on the resolution of factual issues. "[A] complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds. ... Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th **Cir. 2001).**

Discovery in this case may provide the basis for a motion for summary judgment. However, the case is not subject to dismissal on the pleadings.

Lastly, defendant argues that plaintiff's prayer for injunctive relief must be dismissed. Plaintiff prays for, among other relief, an injunction requiring defendants to immediately arrange for plaintiff to be treated by a specialist in the treatment of hiatal hernias, and to "carry out without delay the treatment directed." **Doc. 27, page 8, paragraph B.**

Defendant is correct that plaintiff is not entitled to an injunction requiring the IDOC to

furnish him with any particular treatment.  An inmate does not have a right to a particular course of treatment.  *Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**  The Constitution does not guarantee that an inmate will receive the best treatment available, or that he will receive the treatment of his choosing.  *Forbes v. Edgar*, **112 F.3d 262, 267 (7th Cir. 1997).**  Plaintiff has no right to receive "unqualified access to health care."  The Eighth Amendment requires only that he receive "adequate medical care."  *Johnson v. Doughty*, **433 F.3d 1001, 1013 (7th Cir. 2006).**  Further, the "cost of treatment alternatives is a factor in determining what constitutes adequate, minimum-level medical care."  *Johnson, id.*

**Recommendation**

This Court recommends that Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 35)** be **GRANTED with respect to the prayer for injunctive relief, and DENIED in all other respects.**

Objections to this Report and Recommendation must be filed on or before July 6, 2006.

**Submitted: June 16, 2006.**


s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**