IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL K. TOLIVER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **04-309-JPG** |
| ) | |
| **FAISA AHMED, PAM GRUBMAN,** ) | |
| **and GARY GERST,** ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion to Compel Discovery **(Doc. 110)**. Defendant Ahmed has filed a response at **Doc. 112.**

Toliver seeks an order denying defendant's objections to some of his requests for admissions. The requests and objections are attached to **Doc. 112.**

Defendant objects that numbers 1, 2, 14 and 15 ask for conclusions of law. Under **Fed.R.Civ.P. 36(a)**, plaintiff may ask defendant to admit the truth of "statements or opinions of fact, or of the application of law to fact." The objection is well-taken as to numbers 1 and 2, as they seek abstract statements of law, without asking the law to be applied to facts. Number 1 asks defendant to admit that plaintiff "has rights to due process under the 14th Amendment." Number 2 asks defendant to admit that the Eighth Amendment guarantees plaintiff a right to "live free of pain and suffering." Number 1 is also irrelevant, as this is not a due process case, and number 2 is incorrect, as no one is guaranteed a life free of pain and suffering by the Eighth Amendment or any other part of the constitution.

However, numbers 14 and 15 do not ask for abstract statements of law. Number 14 relates to defendant's job duties and number 15 relates to whether defendant had proof that plaintiff was trafficking in drugs. These requests seek admissions as to factual matters, not legal conclusions, and the objections thereto are denied.

The other requests, numbers 3-13, 17, and 18 all relates to the details of the medical care rendered to plaintiff. Defendant has reasonably responded that he needs to review the medical records before replying. The motion to compel is denied with respect to those requests.

Lastly, number 16 asks Defendant to admit that Defendant has accused more than one inmate at Menard of trafficking in drugs. Defendant objected to the relevance of the request. Plaintiff argues that it is relevant to show that defendant has a history of falsely accusing inmates of selling medicine. Any such information is irrelevant to the issues presented in this deliberate indifference case.

Upon consideration and for good cause shown, plaintiff's Motion to Compel Discovery **(Doc. 110)** is **GRANTED in part and DENIED in part as follows**:

Defendant's objections to requests for admission numbers 14 and 15 are denied. Defendant shall respond to those requests by October 19, 2007. The motion is denied in all other respects.

**IT IS SO ORDERED.**

**DATE: September 26, 2007.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**