IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DARRYL K. TOLIVER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. **04-309-JPG** |
| FAISA AHMED, PAM GRUBMAN, and GARY GERST, | ) ) ) ) | |
| Defendants. | ) ) | |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is defendant Pam Grubman's Motion for Summary Judgment with Supporting Brief. **(Doc. 123)**. The motion is supported by defendant's affidavit, Exhibit A.

Defendant served upon the pro se plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 124)**. Plaintiff filed a Response, to which he attached various exhibits. **(Doc. 132)**.

## Nature of Plaintiff's Claims

Plaintiff Darryl Toliver is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs. As construed by the Court on preliminary review, he alleges that, while he was incarcerated at Menard Correctional Center, "in the summer of 2002, he began experiencing stomach pain and dizziness; over the next several months, his condition worsened to include chronic vomiting and chest pain. He alleges that although he was seen periodically at the health center, Defendants failed to do more than prescribe antacids, telling him to "stop faking" his condition. More than18

1

months after his symptoms began, Plaintiff was finally diagnosed with a hiatal hernia. Despite this diagnosis, Plaintiff alleges that Defendants refused to provide him with treatment for his condition, in violation of his rights under the Eighth Amendment." **See, Doc. 7, p.1.**

With leave, plaintiff has filed an amended complaint, **Doc. 27.** He alleges that Pam Grubman is the administrator of the health care unit at Menard, and that he informed her of his problems and asked for testing because the past treatment was not working, but she denied his request. **Doc. 27, ¶44 and 45.** He then sent her a "Notice of Complaint." **Doc. 27, ¶47**. He alleges that, for over a year and 9 months, he was either given the wrong medication or no medication at all. **Doc. 27, ¶52.** He alleges that the defendants, including Grubman, have misdiagnosed his medical problem, have discontinued any efforts to find the proper diagnosis, and have disregarded the diagnosis and recommendation of a specialist. **Doc. 27, ¶¶57, 58**. He also alleges that Grubman's "procedural reckless disregard" of his grievances and letters caused "unnecessary suffering" and she failed to intervene to prevent the other defendants from continuing their unconstitutional conduct. **Doc. 27, ¶59.**

## Grounds for Summary Judgment

Defendant Pam Grubman is a registered nurse and was the administrator of the health care unit at Menard at the time of the events complained of. She argues that plaintiff cannot show deliberate indifference to his serious medical needs because he has been under the care of doctors, and, as a nurse and health care administrator, she is not authorized to prescribe treatment and cannot override a physician's decisions about treatment.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." **Fed.R.Civ.P. 56©); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson***, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson***, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson***, 477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company***, 94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer***, 969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v.Duckworth***, 644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

3

In order to prevail on his constitutional claim, plaintiff must satisfy the two-part test enunciated in ***Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. ***Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).** Liability under 42 U.S.C. §1983 is personal; there is no liability unless the defendant "caused or participated" in the deprivation of a constitutional right. ***Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)**. Thus, the two-prong *Farmer* test must be satisfied as to each defendant.

An inmate is not constitutionally entitled to "unqualified access to healthcare" or to the best care possible; rather, he is entitled only to "adequate medical care." ***Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006)**. It is proper to consider the "cost of treatment alternatives" in "determining what constitutes adequate, minimum-level medical care." *Id.*

The court denied an earlier motion to dismiss filed by defendant Grubman because the record was not sufficiently developed as to the nature of her responsibilities as the health care unit administrator. The court noted that the complaint alleged that Grubman acted with deliberate indifference. She argued for dismissal on the grounds that she relied on the advice of medical professionals, but that fact was not shown on the record then before the court. **See, Doc. 29.** The present motion establishes the facts as to these issues, and is well-taken.

Grubman's affidavit, attached as **Exhibit A to Doc. 123**, states that she was the health care unit administrator at Menard at all times relevant to the amended complaint. As health care unit administrator, her duties were "to ensure that healthcare services including medical, dental, and psychological services are delivered to the inmate population in a way that is commensurate with the services offered in the free community." She specifically states that she is not a physician, she did not treat plaintiff for his medical problems, and she does "not have the

4

authority to override the treatment prescribed to an inmate by a licensed physician." She also states that she does not have the authority to refer inmates to outside consultants for treatment, and that decisions made about referring plaintiff to an outside consultant were made by Dr. Ahmed, the Medical Director of Menard. **Ex. A, Doc. 123, ¶¶ 3-7.** She states that she "relied on the facility medical professionals that were treating Plaintiff to assess and adequately treat Plaintiff's medical problems." **¶10**.

Grubman's affidavit establishes that she did not, as health care unit administrator, have the authority to approve or disapprove a course of treatment for plaintiff.

Plaintiff attached his own affidavit to his response, **Doc. 132.** In it, he states that he sent letters of complaint to Pam Grubman and that some of his grievances were forwarded to her for handling. He states that Pam Grubman never informed him that she had discussed his complaints with the IDOC medical director or the IDOC director. He states that he was not allowed to return to the outside gastroenterologist. Lastly, he states that Pam Grubman told him that she suffers from similar conditions as he does, but she refused to tell him how she was being treated.

Plaintiff also attached some of Grubman's responses to his discovery requests. In relevant part, these responses stated that Grubman reviewed his grievances and that Dr. Ahmed made the decisions about whether he could return to the outside consultant.

Under the recent case of ***Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006)**, the motion should be granted. There, the Seventh Circuit held in similar circumstances that a grievance counselor, the warden, a member of the administrative review board, and the director of the IDOC were all entitled to summary judgment on the plaintiff's deliberate indifference claim.

5

The Seventh Circuit held that the grievance counselor who "investigated the situation, made sure that the medical staff was monitoring and addressing the problem, and reasonably deferred to the medical professionals' opinions" was not deliberately indifferent. ***Johnson*, 433 F.3d at 1010.** The other defendants were also entitled to summary judgment because they "reasonably relied" on the fact that the inmate was being seen by the medical staff. ***Johnson*, 433 F.3d at 1011.** The court in ***Johnson*** also affirmed judgment after a bench trial in favor of the health care unit administrator where he investigated the situation, referred the inmate to a doctor, and reasonably relied on the doctor's opinion. ***Johnson*, 433 F.3d at 1015.**

In ***Johnson***, the plaintiff alleged that the defendants ignored his complaints of pain associated with a hernia, and were deliberately indifferent to his need for surgery. The court noted that the defendants could not be expected to determine whether the plaintiff actually needed surgery, and were entitled to rely on the opinions of the doctors who were treating the plaintiff. "Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals." ***Johnson*, 433 F.3d at 1011 (internal citation omitted.)**

The facts regarding Grubman's liability are similar to the facts in ***Johnson***. Plaintiff's medical situation was being addressed by the doctors. As a nurse and health care unit administrator, Grubman did not have the authority to countermand the doctors' orders or to order treatment herself. The record establishes that Grubman had no authority to authorize a second visit with the outside doctor.

The undisputed relevant facts establish that plaintiff cannot show that Grubman caused or participated in a violation of his constitutional rights. Grubman's refusal to tell plaintiff what kind of medical treatment she receives is of no relevance at all, as plaintiff does not have a

6

constitutional right to receive the same treatment that prison administrators do.  See, **Johnson v. Doughty**, 433 F.3d 1001, 1013 (7th Cir. 2006).  Finally, the fact that Grubman ignored plaintiff's letters or recommended that plaintiff's grievances be denied does not violate the constitution. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."  **George v. Smith**, 507 F.3d 605, 609-610 (7th Cir. 2007).  See also**, Massey v. Helman**, 259 F.3d 641, 647 (7th Cir. 2001)(no liberty interest created by prison grievance procedures).

## Recommendation

This court recommends that defendant Pam Grubman's Motion for Summary Judgment. **(Doc. 123)** be **GRANTED**.

If this recommendation is adopted in its entirety, no claims will remain pending against this defendant.

Objections to this Report and Recommendation must be filed on or before February 25, 2008.

**Submitted: February 6, 2008.**

s/ Clifford J. Proud  
CLIFFORD J. PROUD  
UNITED STATES MAGISTRATE JUDGE