UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRYL K. TOLIVER

    Plaintiff,

v.

FAISA AHMED, PAM GRUBMAN, and
GARY GERST,

    Defendants.

Case No. 04-cv-309-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Report and Recommendation (R & R) of Magistrate Judge Proud (Doc. 136) recommending that Defendants Gary Gerst and Faisa Ahmed's Motion for Summary Judgment (Doc. 125) be granted. Plaintiff Darryl Toliver objects to Judge Proud's conclusion as to Defendant Faisa Ahmed. For the following reasons, the Court ACCEPTS Judge Proud's R & R in its entirety.

## BACKGROUND

Plaintiff Darryl Toliver (Toliver), an inmate in the custody of the Illinois Department of Corrections, filed suit under 42 U.S.C. § 1983. He alleges that, while an inmate at Menard Correctional Center, Defendants violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs. Toliver has not taken issue with Judge Proud's findings of the facts of this case, so the Court need not recite them in exacting detail. However, a basic understanding of the facts, especially as they relate to Toliver's interactions with Defendant Faisa Ahmed, are necessary in order to understand the substance of Toliver's objection.

Toliver alleges that beginning in June 2002 he had recurrent stomach pain and dizziness.

He was initially prescribed Tagamet and other over the counter heartburn medications and was advised to quit smoking and modify his diet. However, his symptoms continued. He complained of excess gas and reported that he was throwing up nightly. In April 2003 he was referred to an outside specialist who diagnosed him with GERD (gastroesophageal reflux disease), and prescribed Prilosec. The specialist said he wanted to see Toliver for a follow up visit in six weeks, but the follow-up was refused. Toliver continued to be plagued with stomach and chest discomfort.

On September 23, 2003 Toliver was seen by Defendant Ahmed, medical director at Menard. Dr. Ahmed informed Toliver that he would not renew the prescription for Prilosec. He explained to Toliver that Prilosec was not indicated for continual usage beyond a twelve week period. Dr Ahmed saw Toliver again on October 30, 2003, November 4, 2003, and November 18, 2003, for complaints of heartburn and vomiting. Dr. Ahmed variously prescribed the heartburn medications Reglan, Zantac and Tagamet. Toliver requested he be prescribed Zantac instead of Tagamet, as Zantac provided greater relief than Tagamet. However, Dr. Ahmed informed Toliver that Tagamet and Zantac are bioequivalent at the doses Toliver had been prescribed. Dr. Ahmed refused to prescribe Toliver Zantac, believing that Toliver might be trafficking the drug. Instead, Dr. Ahmed continued the prescription for Tagamet.

From December 10 through December 14, 2003, Toliver was admitted to the Health Care Unit (HCU) for close observation. Additionally, he was admitted to the HCU infirmary on December 15 and 16, 2003, for preparation for an upper GI procedure, which was conducted on December 16. He was admitted to a room designed without water or toilet facilities so that nursing staff could accurately record his intake and output. The upper GI revealed that Toliver had a small hiatal hernia. Often the only symptom of a hiatal hernia is GERD. The treatment

options for hiatal hernia and GERD are the same. Dr. Ahmed prescribed Prilosec for a period of twelve weeks followed by Tagamet for maintenance. On March 9, 2004, Toliver was again seen for complaints of stomach pain and vomiting. The assessment continued to be GERD, for which Toliver was prescribed Reglan and Zantac.

## ANALYSIS

The Court must review *de novo* the portions of the R & R to which the parties object. Fed.R.Civ.P. 72(b)(3). After reviewing the R & R, the Court may accept, reject or modify, in whole or in part, the judge's findings or recommendations. *Id*. In its discretion, the Court may conduct a new hearing, consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir.1999).

No objection was made as to Judge Proud's recommendation that summary judgment be granted in favor of Defendant Gary Gerst. Finding no clear error, the Court accepts and adopts in full Judge Proud's recommendations as to that defendant.

**I.    Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. The

pleadings of *pro se* parties must be liberally construed. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes as to facts that could affect the outcome of the suit, as opposed to disputes over irrelevant or unnecessary facts, preclude summary judgment. *Clifton v. Shafer*, 969 F.2d 278, 281 (7th Cir.1992). A genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Judge Proud found that Toliver had not tendered evidence sufficient to survive summary judgment that Defendant Ahmed had shown deliberate indifference to Toliver's serious medical needs in violation of the Eighth Amendment. The Court agrees and accepts Judge Proud's recommendation on this issue.

## II.     Deliberate Indifference to a Serious Medical Need

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 104 (1976). In order to prevail on this claim, the plaintiff must show that his condition was "objectively, sufficiently serious" and that "prison officials acted with a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834

4

(1994); *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005).

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997).

Prison officials act with a sufficiently culpable state of mind when they "know of and disregard an excessive risk to inmate health. *Greeno*, 414 F.3d at 653. "[N]either medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference." *Id*. Furthermore, an inmate is constitutionally entitled only to "adequate medical care." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir.1987). He is not constitutionally entitled to the best available treatment nor the course of treatment of his choice. *Estelle*, 429 U.S. at 106; *Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir.1987). Decisions requiring medical judgment, "such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996).

Here, all parties concede that Toliver's complaints of stomach pain, chest pain, and vomiting constitute an objectively serious medical condition. However, Toliver cannot meet the second prong of the *Farmer* test, because his complaints against Dr. Ahmed amount to a mere disagreement about the appropriate course of treatment for Toliver's GERD and hernia.

Toliver complains that he was not given the drug treatment of his choice. He complains that he was refused the drug of his choice, Zantac, because he was suspected of trafficking it - something he hotly denies. He complains that the HCU room he was placed in had no toilet facilities. Finally, he complains that his symptoms continued despite treatment. Toliver contends that this treatment amounts to deliberate indifference to his serious medical need.

The decision as to which medication to prescribe, given that both were appropriate for

the treatment of Toliver's symptoms, requires an exercise of medical judgment which the Court will not second guess.  Likewise the decision to monitor Toliver's intake and output, which necessitated a stay in an HCU room without a sink or toilet, was an exercise in medical judgment, rather than a deliberately cruel act.  Finally, Toliver complains that Dr. Ahmed's treatment did not end his suffering.  However, he testified that the course of treatment prescribed by Dr. Ahmed did give him some relief.  An inmate suffering from a chronic condition can no more be guaranteed a pain free life than anyone else can, and the mere fact that Toliver continues to suffer from the effects of his condition does not mean Dr. Ahmed acted with deliberate indifference to it.  In sum, Toliver has not demonstrated that Dr. Ahmed acted with a sufficiently culpable state of mind to constitute deliberate indifference to a serious medical need.  According, Dr. Ahmed is entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** Judge Proud's R & R (Doc. 136) in its entirety.  Defendants Faisa Ahmed and Gary Gerst's Motion for Summary Judgment (Doc. 125) is **GRANTED**.


**IT IS SO ORDERED.**
**DATED: March 18, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**